IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK EDMONDSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-218-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Mark Edmondson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On March 21, 1997, in the Criminal District Court Number One of Tarrant County, Texas, Case No. 0595785A, a jury found Petitioner guilty of capital murder in the robbery and shooting deaths of Michael McEachern and Kathryn Nesbit, and the trial court sentenced Petitioner to life imprisonment. Admin. R., Tr. 383, ECF No. 11-2. On appeal, the Sixth District Court of Appeals of Texas affirmed the trial court's judgment, and, after being granted permission to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals refused Petitioner's

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party respondent.

petition for discretionary review on April 17, 2002.² *Id.,* Writ Rec'd 13-20, ECF No. 11-15 & Op. Issd, ECF No. 11-17; Resp't's Answer 2, ECF No. 10. Petitioner did not seek writ of certiorari or state postconviction habeas-corpus relief challenging his conviction. Pet. 3, ECF No. 1. This federal petition for federal habeas relief was filed on March 21, 2016.³ *Id.* at 10.

Petitioner was 15 years old on the date of the offense. He was originally detained as a juvenile but was later certified to be tried as an adult under Texas Family Code § 54.02. In two grounds for relief, Petitioner raises the following issues:

GROUND ONE: Whether the juvenile court properly and adequately [as a matter of procedural law] waived its jurisdiction, or otherwise invoked the criminal adult court with jurisdiction, pursuant to Texas Family Code Section § 54.02? And if not, whether the juvenile court's waiver and transfer order to a criminal district court "substantively or fundamentally deprived the convicting court of all power or jurisdictional authority to proceed against the petitioner?

GROUND TWO: Whether petitioner's counsel[]s in his juvenile transfer hearing and in his criminal trial were constitutionally ineffective for their failures to call the foregoing issues to the court's attention?

Pet'r's Mem. 5, ECF No. 1.

Respondent contends that the petition is untimely under the federal statute of limitations or, alternatively, that Petitioner's claims are unexhausted. Resp't's Answer 3-9, ECF No. 10.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

---

²Petitioner was granted permission to file an out-of-time petition for discretionary review in his state habeas application no. WR-49,957-01. Adm. R., Op. Issd, ECF No. 11-17.

³A prisoner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims involve matters related to his certification and conviction as an adult, subsection (A) applies to this case. Under that provision, the limitations period begins to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review or the expiration of the time for seeking further direct review. For purposes of this provision, Petitioner's judgment became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on July 16, 2002, triggering the one-year limitations period, which expired one year later on July 16, 2003. *Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, Petitioner's federal petition was due on or before July 16, 2003, absent any applicable tolling.

Petitioner did not file a postconviction state habeas-corpus application challenging his conviction for purposes of statutory tolling under § 2254(d)(2). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. Petitioner's extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).[4]

Accordingly, Petitioner's federal petition was due on or before July 16, 2003. His petition filed on March 21, 2016, is therefore untimely.

---

[4]Petitioner asserts that § 2244(d)(1) does not apply to "juvenile/civil claims of Constitutional infringement" and that he does not attack the conviction or sentence imposed by the state trial court. Pet'r's Rebuttal 4, ECF No. 14. Instead, he asserts that he challenges "the lawfulness of the subject matter/personal jurisdiction that the [trial court] exercised." According to Petitioner, because the trial court lacked jurisdiction, the judgment of conviction is rendered void and "a jurisdictional defect can never be waived or forfeited, requiring correction . . . no matter how remote in time." *Id.* The court finds no legal support for Petitioner's first claim. And, this court agrees with other federal district and circuit courts holding that a federal petitioner cannot evade the effect of the statute of limitations by the "simple expedient" of arguing that his conviction or sentence is void as a result of a jurisdictional defect. *See Wilwant v. Stephens,* Civil Action No. 4:13-CV-276-A, 2013 WL 3227656, at *2 (N.D.Tex. June 26, 2013) (citing cases). *See also Farris v. Forniss,* No. 3:10-CV-270-MEF, 2012 WL 1533866, at *3 (M.D.Ala. Apr. 2, 2012) (providing "[w]hether or not Petitioner has asserted a valid challenge to the state court's jurisdiction, neither the limitations statute *nor federal case law* makes an exception for alleged jurisdictional issues arising under *state law"*), *report and recommendation adopted by* 2012 WL 1533999 (M.D.Ala. May 1, 2012); *Sherman v. Thaler,* Civil Action No. H-09-1409, 2010 WL 1994348, at *2 (S.D.Tex. May 17, 2010) (providing "[a]lthough a petitioner's claim that a judgment is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself").

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 20th day of June, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**